IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DONALD GARY REMBOLD**<br>Petitioner,<br>v. | *<br><br>* | <br><br>CIVIL ACTION NO. PWG-16-1569 |
| **DAVID HELSEL, M.D.**<br>Respondents. | *<br>***** | |

## MEMORANDUM

On June 19, 2015, in a separate action, Donald Gary Rembold ("Rembold") filed a 28 U.S.C. § 2241 petition for habeas corpus relief, alleging he received ineffective assistance of counsel throughout the pretrial process of his criminal case and had been committed to a mental hospital without due process. He sought release from confinement. *See* ECF No. 1 in *Rembold v. Helsel* ("*Rembold I*"), No. PWG-15-1825 (D. Md.).

The briefing in *Rembold I* showed that on April 7, 2014, Rembold was arraigned in the Circuit Court for Harford County on multiple counts of sexual abuse of a minor and third degree sex offense. On January 28, 2015, the circuit court issued an order for the Department of Health and Mental Hygiene ("DHMH") to conduct an evaluation of Rembold's competency to stand trial. Dr. Kim Witczak, a forensic evaluator for the DHMH, examined Rembold at the Harford County Detention Center on January 30, 2015, and opined that he did not have a factual and rational understanding of the nature and object of the proceeding against him, nor did he possess sufficient ability to consult with his lawyer with a reasonable degree of rational understanding. She further concluded that Rembold would present a danger to himself or to others if released from confinement. *See* ECF No. 7 in *Rembold I*.

On February 6, 2015, the Circuit Court issued an order finding Rembold incompetent to stand trial and, by reason of mental disorder, a danger to himself or the person or property of another. The order committed Rembold to the custody of the DHMH until he becomes competent. The order requiring Rembold's commitment was based on the evaluation performed by Dr. Witczak and required Rembold's immediate transportation to Spring Grove Hospital Center ("SGHC") or another facility designated by DHMH. Rembold was admitted to SGHC on February 13, 2015. *Id.*

Pursuant to state law, the DHMH evaluates persons committed as not competent to stand trial at least every six months. *See* Md. Code Ann., Crim. Proc. § 3-108(a). Rembold was re-evaluated in July of 2015 by Dr. Lindsay D. Holbein. Dr. Holbein concluded that Rembold was competent to stand trial and did not suffer from any psychiatric illness. Additionally, Dr. Holbein noted that Rembold's treatment team did not believe he had a psychiatric illness and that no medications had been prescribed for Rembold during his stay at the SGHC. Counsel for the DHMH subsequently requested the Circuit Court hold a hearing by August 28, 2015, pursuant to Crim. Proc. § 3-106(c)(1)(iii). On September 3, 2015, Rembold was found competent to stand trial by the Circuit Court for Harford County, released from SGHC, and remanded to the custody of the Harford County Detention Center where he remains at this time.[1] *Id.*

On September 14, 2015, this Court dismissed *Rembold I* without prejudice. *See* ECF No. 7 in *Rembold I*.

On May 20, 2016, Rembold initiated this action by filing another 28 U.S.C. § 2241 petition seeking declaratory relief and unspecified damages for his previous confinement at

---

[1] Rembold's trial on sex offense charges concluded on April 12, 2016. *See State of Maryland v. Rembold*, Case Nos. 12K14000396 & 12K14000397 (Harford Co. Cir. Ct.); http://casesearch.courts.state.md.us/inquiry ("State Ct. Docket"). The electronic docket shows that sentencing is currently scheduled for July 20, 2016. *Id.*

2

SGHC, claiming that he was housed at the facility for 202 days without being diagnosed as having a mental health disorder. ECF No. 1. The petition was accompanied by an indigency motion. ECF No. 2. Leave to proceed in forma pauperis shall be granted.

This Court's limited review of this matter focuses on whether circumstances exist in this case that would permit Rembold to access federal habeas relief prior to the completion of his state criminal trial. Pretrial federal habeas relief is available under § 2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *See Dickerson v. Louisiana*, 816 F. 2d 220, 224-26 (5th Cir. 1987). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted).

Here, special circumstances justifying this Court's intervention do not exist because Rembold is no longer confined at the SGHC. The issue regarding the validity of his confinement at Spring Grove is therefore moot. "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* at 478 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer*, 523 U.S. at 7 (quoting *Lewis*, 494 U.S. at 477).

3

To the extent there remains an issue regarding the validity of Rembold's pretrial incarceration in the Harford County Detention Center, this Court must abstain from considering the merits of that claim. In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973). The petition will therefore be dismissed without prejudice by separate Order.[2]

Date: June 23, 2016

Paul W. Grimm
United States District Judge

---

[2] To the extent that Rembold wishes to seek damages from alleged due process violations related to his detention at SGHC in 2015, he may file a civil rights action in this Court requesting specific damages. The proper forms shall be sent to him.