**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**DONALD GARY REMBOLD**       *
      **Plaintiff,**
    v.       *       **CIVIL ACTION NO.  PWG-16-1569**

**DAVID HELSEL, M.D.,** *et al.*,       *
      **Defendants.**
                              *****

**SUPERSEDING MEMORANDUM OPINION**

On June 19, 2015, in a separate action, Donald Gary Rembold ("Rembold") filed a 28 U.S.C. § 2241 petition for habeas corpus relief, alleging he received ineffective assistance of counsel throughout the pretrial process of his criminal case and had been committed to a mental hospital without due process. He sought release from confinement. *See* ECF No. 1 in *Rembold v. Helsel* ("*Rembold I*"), No. PWG-15-1825 (D. Md.).

The briefing in *Rembold I* showed that on April 7, 2014, Rembold was arraigned in the Circuit Court for Harford County on multiple counts of sexual abuse of a minor and third degree sex offense. On January 28, 2015, the circuit court issued an order for the Department of Health and Mental Hygiene ("DHMH") to conduct an evaluation of Rembold's competency to stand trial. Dr. Kim Witczak, a forensic evaluator for the DHMH, examined Rembold at the Harford County Detention Center on January 30, 2015, and opined that he did not have a factual and rational understanding of the nature and object of the proceeding against him, nor did he possess sufficient ability to consult with his lawyer with a reasonable degree of rational understanding. She further concluded that Rembold would present a danger to himself or to others if released from confinement. *See* ECF No. 7 in *Rembold I*.

On February 6, 2015, the Circuit Court issued an order finding Rembold incompetent to stand trial and, by reason of mental disorder, a danger to himself or the person or property of another. The order committed Rembold to the custody of the DHMH until he becomes competent. The order requiring Rembold's commitment was based on the evaluation performed by Dr. Witczak and required Rembold's immediate transportation to Spring Grove Hospital Center ("SGHC") or another facility designated by DHMH. Rembold was admitted to SGHC on February 13, 2015. *Id.*

Pursuant to state law, the DHMH evaluates persons committed as not competent to stand trial at least every six months. *See* Md. Code Ann., Crim. Proc. § 3-108(a). Rembold was re-evaluated in July of 2015 by Dr. Lindsay D. Holbein. Dr. Holbein concluded that Rembold was competent to stand trial and did not suffer from any psychiatric illness. Additionally, Dr. Holbein noted that Rembold's treatment team did not believe he had a psychiatric illness and that no medications had been prescribed for Rembold during his stay at the SGHC. Counsel for the DHMH subsequently requested the Circuit Court hold a hearing by August 28, 2015, pursuant to Crim. Proc. § 3-106(c)(1)(iii). On September 3, 2015, Rembold was found competent to stand trial by the Circuit Court for Harford County, released from SGHC, and remanded to the custody of the Harford County Detention Center where he remains at this time.[1] *Id.*

On September 14, 2015, this Court dismissed *Rembold I* without prejudice, based on Rembold's release from SGHC. *See* ECF No. 7 in *Rembold I*.

On May 20, 2016, Rembold filed this 42 U.S.C. § 1983 civil rights action challenging his previous confinement at SGHC, allegedly without properly being diagnosed as having a mental

---

[1] Rembold's trial on sex offense charges concluded on April 12, 2016. *See State of Maryland v. Rembold,* Case Nos. 12K14000396 & 12K14000397 (Harford Co. Cir. Ct.); http://casesearch.courts.state.md.us\inquiry. The electronic docket shows that sentencing is currently scheduled for July 20, 2016. *Id.*

health disorder, and seeking declaratory relief that he was "unlawfully admitted" and damages for "202 days of ignominy." Compl. 3, ECF No. 1. Because Rembold challenged the constitutionality of his involuntary commitment and sought declaratory relief, the action was construed as a 28 U.S.C. § 2241 petition for habeas corpus relief, labeled as such in the electronic case filing system, and reviewed as a habeas petition. *See* Docket.

On June 24, 2016, I issued a Memorandum and Order dismissing the petition without prejudice. ECF Nos. 3, 4. I noted that pretrial federal habeas relief is available under § 2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *See Dickerson v. Louisiana*, 816 F. 2d 220, 224-26 (5th Cir. 1987). I found that there were no special circumstances justifying this Court's intervention because Rembold is no longer confined at the SGHC. June 24, 2016 Mem. 3.

I did not state explicitly that I was construing Rembold's pleading as a habeas petition, and I did not address the pleading as a § 1983 complaint so as to place Rembold on notice of its deficiencies.[2] This Superseding Memorandum Opinion now addresses the pleading as a hybrid § 1983 complaint for damages, incorporating by reference the previous analysis of the pleading as a habeas petition and dismissing the civil rights portion of the action.[3]

Rembold has named "David Helsel, Superintendent, et al., Spring Grove Hospital Center" as defendants, asserting that they are liable under § 1983 because they received him on an involuntary commitment order and housed him for over 200 days without ever diagnosing

---

[2] Because Rembold sought unspecified "damages," I suggested that if Rembold wished to seek damages from alleged due process violations related to his detention at SGHC in 2015, he could file a civil rights action in this Court requesting specific damages. A civil rights form packet was sent to him. June 24, 2016 Mem. 3 n.2; June 24, 2016 Order.

[3] Rembold's pleading was accompanied by an indigency motion. ECF No. 2. I granted leave to proceed in forma pauperis, June 24, 2016 Order, and that aspect of my ruling is not superseded.

him as having a mental disorder as required under Maryland law. He does not, however, provide factual details explaining how any defendant personally violated his constitutional rights.

As for Superintendent Helsel, "supervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates." *See Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) (citing *Slakan v. Porter,* 737 F.2d 368 (4th Cir. 1984)). This "liability is not premised upon *respondeat superior* but upon 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Id.* (quoting *Slakan*, 737 F.2d at 372–73). "[L]iability ultimately is determined 'by pinpointing the persons in the decisionmaking chain whose deliberate indifference permitted the constitutional abuses to continue unchecked.'" *Id.* (quoting *Slakan*, 737 F.2d at 376).

To state a claim for supervisory liability against Helsel under § 1983, Rembold must allege

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw*, 13 F.3d at 799 (citations omitted). Rembold simply alleges that Helsel violated Maryland law "by receiving the plaintiff as an involuntary admission" when neither "[t]he defendant, nor any other physician, ever diagnosed the plaintiff as having a mental disorder . . . ." Compl. 3.

Because he has not alleged that Helsel knew or should have known that Plaintiff had not been diagnosed properly,[4] Rembold fails to state a claim against Helsel.  *See Shaw*, 13 F.3d at 799.

To the extent that Rembold intended to include any other individual as a defendant, his use of the words "et al." is insufficient to state a claim because it fails to identify any individual or conduct by an individual that would support a § 1983 claim.  To the extent that Rembold believes that he can cure these deficiencies by filing an amended complaint as to Helsel and/or any individual defendants, he may do so on or before September 12, 2016.

It also is unclear from reading Rembold's complaint whether he intended to file a claim against SGHC as an entity or whether he referenced it merely to reflect the address of Helsel and the other defendants as required by the pleading form.  *See* Compl. 1.  However, to the extent that he intended to name SGHC as a defendant, it is an inanimate object that cannot act under color of state law and therefore is not a "person" subject to suit under 42 U.S.C. § 1983.  *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under  42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").  Therefore, Plaintiff cannot state a claim against SGHC under § 1983. *See* 42 U.S.C. § 1983; *Allison*, 419 F.2d at 823.  Because Plaintiff's claim against SGHC is "truly incurable," it is dismissed with prejudice. *See McLean v. United States*, 566 F.3d 391,

---

[4] Indeed, it appears that Helsel received Plaintiff based on a state court order committing him to the custody of the DHMH, which in turn was based on an evaluation performed by Dr. Kim Witczak, a forensic evaluator for the DHMH, who opined that Plaintiff did not have a factual and rational understanding of the nature and object of the proceeding against him, nor did he possess sufficient ability to consult with his lawyer with a reasonable degree of rational understanding. *See Rembold I.*

400–01 (4th Cir. 2009) ("While a potentially meritorious claim, particularly by a pro se litigant, should not be unqualifiedly dismissed for failure to state a claim unless its deficiencies are truly incurable, such an unqualified dismissal is entirely proper when the court has reviewed the claim and found it to be substantively meritless. Once a court has determined that the complaint is truly unamendable, a dismissal without prejudice is of little benefit to the litigant, as the claim cannot be made viable through reformulation." (internal citation omitted)); *Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–26 (D. Md. 2013) ("[D]ismissal with prejudice is proper if there is no set of facts the plaintiff could present to support his claim.").

Therefore, while this hybrid § 2241 petition and § 1983 civil rights action is subject to dismissal as a habeas petition, fails to state a claim under § 1983, and shall be dismissed with prejudice as to SGHC as a § 1983 action, Plaintiff will have the opportunity to amend to state a claim under § 1983 against Helsel and/or the unnamed defendants.  A separate Order will issue.

Date: <u>July 14, 2016</u>                             /S/
                                       Paul W. Grimm
                                       United States District Judge