IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **DONALD GARY REMBOLD,** | * | |
| Plaintiff, | * | |
| v. | * | **CIVIL ACTION NO. PWG-16-1569** |
| **DAVID HELSEL, M.D.,** *Superintendent, et al.*, | * | |
| | * | |
| Defendants. | | |
| | ***** | |

## MEMORANDUM AND ORDER

On May 20, 2016, Donald Rembold filed this 42 U.S.C. § 1983 civil rights action challenging his previous confinement at Spring Grove Hospital Center ("SGHC"),[1] allegedly without properly being diagnosed as having a mental health disorder, and seeking declaratory relief that he was "unlawfully admitted" and damages for "202 days of ignominy." Compl. 3, ECF No. 1. Currently pending are Defendants' Motion for Summary Judgment, ECF No. 27, Rembold's Motion to Amend, ECF No. 33, and a May 24, 2017 derisive letter from Rembold

---

[1] After Rembold was arraigned in the Circuit Court for Harford County on multiple counts of sexual abuse of a minor and third degree sex offense, the circuit court issued an order for the Department of Health and Mental Hygiene ("DHMH") to conduct an evaluation of Rembold's competency to stand trial. Based on the opinion of a forensic evaluator that Rembold did not have a factual and rational understanding of the nature and object of the proceeding against him, nor did he possess sufficient ability to consult with his lawyer with a reasonable degree of rational understanding, the circuit court found Rembold incompetent to stand trial and a danger to himself or the person or property of another, and it committed Rembold to the custody of the DHMH. *See* ECF No. 7 in *Rembold v. Helsel* ("*Rembold I*"), No. PWG-15-1825 (D. Md.). Rembold was admitted to SGHC, and he filed a 28 U.S.C. § 2241 petition for release from SGHC. *Id.* A few weeks later, Rembold was re-evaluated, found competent to stand trial by a psychiatrist and then the circuit court, released from SGHC, and remanded to the custody of the Harford County Detention Center. *Id.* His petition was dismissed as moot, he stood trial, and after a guilty verdict, he was sentenced on July 20, 2016 to 25 years imprisonment, with all but five years suspended, and he was given a 904 day jail credit. *See State of Maryland v. Rembold,* Case Nos. 12K14000396 & 12K14000397 (Harford Co. Cir. Ct.); http://casesearch.courts.state.md.uslinquiry.

regarding his case, filed the same day as his Motion to Amend, ECF No. 34. Because Rembold seeks to amend his complaint to add me as a defendant, I will refer his motion to amend (but *not* the entire case) to the Chief Judge of this Court for resolution, and I will stay resolution of the Defendants' summary judgment motion in the interim. As for Rembold's letter filed with his Motion to Amend, its contemptuous tone is an egregious violation of the behavior expected of any party involved in litigation in this Court, and Rembold is cautioned that any repetition will be treated as a contempt of Court warranting sanctions, which may include dismissal of his suit.

## Background

Initially, this action was construed as a 28 U.S.C. § 2241 petition for habeas corpus relief, based on Rembold's challenge to the constitutionality of his involuntary commitment and request for declaratory relief. *See* Docket. Because Rembold was no longer confined at the SGHC, I dismissed the petition without prejudice, notifying Rembold that he could file a civil rights action in this Court requesting specific damages for alleged due process violations related to his detention at SGHC. ECF Nos. 3, 4. Then, by Superseding Memorandum Opinion and Order, I recalled the dismissal order and reopened the case to addresses the pleading as a hybrid § 1983 complaint for damages. ECF Nos. 6, 7. I identified the deficiencies in the complaint and permitted Rembold to file an amended complaint as to David Helsel, M.D. and/or any individual defendants.

Rembold filed an Amended Complaint, ECF No. 13, as well as a series of three motions for temporary restraining orders ("TRO") or preliminary injunctions, alleging that he was denied photocopies, writing paper, and access to the prison law library. ECF Nos. 8, 15, 23. I denied the first two motions as moot after he was transferred to a new facility and received the photocopies and writing paper he requested. ECF Nos. 16, 21. I denied the third one as

premature, reasoning that, while a complete denial of access to the law library or the materials needed to pursue legal remedies could result in irreparable harm, Rembold's claims were made within weeks of his latest transfer. ECF No. 25. I did, however, order Defendants to provide a specific response regarding each of Rembold's allegations of denial of access to the law library and, in consequence, the courts. Defendants' response is due June 20, 2017. ECF No. 35.

Defendants filed an Answer on April 28, 2017, ECF No. 26, and the pending motion for summary judgment the same day. Rembold filed a Response on May 10, 2017. ECF No. 30.

Rembold also filed a second amended complaint, which was returned to him on May 23, 2017, because it did not contain a signature and because a second amended complaint cannot be filed without leave of court. ECF No. 32. He then filed the pending Motion to Amend, seeking leave to name me as a defendant for "sabotaging this case." Pl.'s Mot. Am. 1.

## **Motion to Amend**

Rembold seeks to amend the complaint to "charge Paul W. Grimm with conspiracy under 42 U.S.C. § 1986, and 42 U.S.C. § 1985(3)," to have counsel appointed, to supplement his pleadings to add "New Civil Rights Violations," and to have the case reassigned to a judge in Baltimore. Pl.'s Mot. Am. 1, 3. Rembold notes that his three prior habeas petitions, Nos. PWG-15-1825, PWG-15-3233, and PWG-16-1069, all of which he claims "alleged misconduct in the Maryland judiciary," have been dismissed, and states that he has filed three judicial complaints, Nos. 04-16-90043, 04-16-90068, and 04-17-90021. *Id.* at 2. He reiterates his assertion that he "has been denied access to the prison law library," and insists that "Judge Paul W. Grimm has failed to respond to plaintiff's request for a TRO and Preliminary Injunction to cure this interference with the plaintiff's access to the courts." *Id.* at 3.

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The judge's purported "bias or prejudice must, as a general matter, stem from 'a source outside the judicial proceeding at hand' in order to disqualify a judge." *Belue v. Leventhal*, 640 F.3d 567, 572 (4th Cir. 2011) (quoting *Liteky v. United States*, 510 U.S. 540, 545, 551 (1994)). Thus, a judge must recuse himself or herself if an extrajudicial source provides a reasonable factual basis for calling the judge's impartiality into question. *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987). "The inquiry is whether a reasonable person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is in fact impartial." *Id.*; *see Liteky*, 510 U.S. at 548 ("[W]hat matters is not the reality of bias or prejudice but its appearance."); *see also Demery v. McHugh*, No. PWG-13-2389, 2015 WL 13049184, at *2 (D. Md. Oct. 23, 2015) (same), *aff'd,* 641 F. App'x 263 (4th Cir. 2016). A judge also is required to disqualify himself or herself if the judge is "likely to be a material witness in the proceeding." 28 U.S.C. § 455(b)(5)(iv).

Because Rembold seeks to bring claims against me, it would be reasonable to question my impartiality were I to rule on his Motion to Amend. Therefore, recusal is appropriate with regard to this motion, but there is no basis to recuse myself from the remainder of the case. *See In re Beard*, 811 F.2d at 827. I will refer the Motion to Amend to the Chief Judge of this Court for resolution.

### May 24, 2017 Letter

Rembold also filed letter on May 24, 2017. It states:

Hey Asshole:
    If you can change my 42 U.S.C. § 1983 to a 28 U.S.C. § 2241 because you're an asshole – that means you know what the fuck I mean asshole.
    You still have not served Helsel because you're an asshole.
    Fuck you
    Dismiss my case asshole!

> Pursuant to 28 U.S.C. § 1746. I declare under penalty of perjury that the foregoing is true and correct.
> Signed this 24th day of May, 2017
> Get off my case asshole!
> Donald G. Rembold

ECF No. 34.

Curiously, while Rembold asks for his case to be dismissed, he filed his Motion to Amend at the same time, making it clear that he wishes to continue to pursue this litigation. This raises the distinct likelihood that the true purpose of Rembold's impertinent letter and Motion to Amend was to engineer a transfer of his case from the undersigned to another judge of this Court. Whatever his true purpose, he will not achieve it by his own misconduct.

It is well settled that a court may punish an individual for misconduct "in its presence or so near thereto as to obstruct the administration of justice." 18 U.S.C. § 401(1). With regard to the court's authority to punish disrespectful and inflammatory behavior that occurs outside the court's presence, *Cooke v. United States*, 45 U.S. 390 (1925), provides guidance. There, Cooke, an attorney, had his client, Walker, deliver a letter to the judge the day after the jury returned a verdict against Walker in one of a series of cases against him; the court had taken a recess in another case against Walker at the time. *Id.* at 390–91. In the letter, Cooke said:

> Referring to the above matters pending in the District Court of the United States for the Northern District of Texas, at Fort Worth, I beg personally, as a lawyer interested in the cause of justice and fairness in the trial of all litigated matters, and as a friend of the judge of this court, to suggest that the only order that I will consent to your honor's entering in any of the above-mentioned matters now pending in your honor's court is an order certifying your honor's disqualification on the ground of prejudice and bias to try said matters.
>
> . . .
>
> I do not like to take the steps necessary to enforce the foregoing disqualification, which to my mind, as a lawyer and an honest man, is apparent.
>
> . . .
>
> With very great respect, I beg to remain, Clay Cooke.

*Id.* at 391. The trial court issued an arrest warrant for Walker and Cooke to appear in court and show cause why they should not be held in contempt for writing and delivering that letter, reasoning that

> such an act by a litigant and his attorney constitutes misbehavior, and a contempt under the law, and that the threats and impertinence and insult in said letter were deliberately and designedly offered, with intent to intimidate and improperly influence the court in matters then pending and soon to be passed upon, and to destroy the independence and impartiality of the court in these very matters . . . .

*Id.* The court sentenced each to thirty days' imprisonment; the Fifth Circuit reversed Walker's sentence; and Cooke appealed his sentence to the Supreme Court. *Id.* at 390.

Before the Supreme Court, the first issue was whether the letter constituted contempt of court. *Id.* at 393. The Court "agree[d] with the Circuit Court of Appeals that the letter was contemptuous," but concluded that the trial judge should not have summarily imposed the severe sanction of imprisonment because the act of contempt did not take place in open court. The Court also noted that "where acts of contempt are palpably aggravated by a personal attack upon the judge, in order to drive the judge out of the case for ulterior reasons, the scheme should not be permitted to succeed." *Id*.

Here, Rembold's letter, like Cooke's, was written while Rembold still has matters pending before this judge. *Id.* at 394. And Rembold's letter, like Cooke's, employed "severe language" that was "personally derogatory to the judge" and "calculated to stir the judge's resentment and anger." *Id*. Thus, it likewise constitutes contempt of court. *Id*.

Further, in addition to punishing contemptuous behavior in and outside its presence, the Court may sanction an individual for failing to follow the Court's rules. 18 U.S.C. § 401(3). Relevantly, Rule 606 of this Court's Local Rules, pertaining to civility, states: "The Court expects all of its judges and all counsel to conduct themselves in a professional and courteous manner in connection with all matters pending before the Court." Loc. R. 606 (D. Md. July

2016). This rule applies to self-represented litigants like Rembold. *See* Loc. R 101.1(a) ("Individuals representing themselves are responsible for performing all duties imposed upon counsel by these Rules and all other applicable federal rules of procedure."). Rembold's May 24, 2017 letter is neither professional nor courteous. It is calculatingly disrespectful. Consequently, it is a violation of Local Rule 606. *See* Loc. R. 101.1(a), 606; *see also Ewing v. Flora*, No. 14CV2925 AJB (NLS), 2016 WL 1465182, at *3 (S.D. Cal. Apr. 14, 2016) (noting that pro se litigant was "bound by the Local Rules governing professionalism . . . 'which require[d] him to, among other things, 'be courteous and civil in all communications'"); *Sanders v. Delta Air Lines, Inc.*, No. 13-1440-TUC-CKJ, 2014 WL 2859135, at *3 (D. Ariz. June 23, 2014) (noting that, "[a]lthough a *pro se* litigant may be entitled to great leeway by the Court when construing their filings, . . . it does not excuse him from following basic rules of ethics and civility" and ordering plaintiff "to act in a civil manner at all times with regards to the proceedings moving forward" (citing *Nelson v. Eaves*, 140 F. Supp. 2d 319, 322 (S.D.N.Y. 2001) (dismissing *pro se* plaintiff's complaint with prejudice because he wrote threatening letter to defense counsel); *Cameron v. Lambert*, 2008 WL 4823596 (S.D.N.Y. Nov. 7, 2008) (dismissing *pro se* plaintiff's complaint because plaintiff used abusive and threatening language)); *Nasser v. WhitePages, Inc.*, No. 12-CV-97, 2014 WL 1323170, at *6–7 (W.D. Va. Apr. 1, 2014) ("This Court expects all litigants, including *pro se* litigants, to conduct themselves with civility and decorum, both in their filings with the Court and communications with each other, and to litigate in good faith. This Court will not tolerate additional uncivil conduct or filings made with an improper purpose.").

Moreover, "[t]he case law is well established that district courts have the inherent power to sanction parties for certain bad faith conduct, even where there is no particular procedural rule that affirmatively invests the court with the power to sanction." *Strag v. Bd. of Trs., Craven*

*Cmty. Coll.*, 55 F.3d 943, 955 (4th Cir. 1995). Indeed, for almost two centuries, it has been established that "[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution . . . . because they are necessary to the exercise of all others" and they enable courts "to preserve [their] own existence and promote the end and object of [their] creation." *United States v. Hudson*, 11 U.S. (7 Cranch) 32, 33–34 (1812); *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Hudson*, 11 U.S. (7 Cranch) at 34); *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980) (same), *superseded on other grounds by statute as stated in Morris v. Adams–Millis Corp.*, 758 F.2d 1352, 1357 n.7 (10th Cir. 1985). "This power is organic, without need of a statute or rule for its definition, and it is necessary to the exercise of all other powers." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993). Undergirding this authority "is the need to preserve the integrity of the judicial process in order to retain confidence that the process works to uncover the truth." *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec.*, 685 F. Supp. 2d 456, 465 (S.D.N.Y. 2010). Thus, "[d]ue to the very nature of the court as an institution, it must and does have an inherent power to impose order, respect, decorum, silence, and compliance with lawful mandates." *Shaffer Equip. Co.*, 11 F.3d at 461; *see also Chambers*, 501 U.S. at 43 (holding that trial courts are "vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates"); *Strag*, 55 F.3d at 955 (quoting *Chambers*, 501 U.S. at 43).

Thus, the court has the "inherent power to control the judicial process and litigation, a power that is necessary to redress conduct which abuses the judicial process." *Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 505 (D. Md. 2009) (quoting *United Med. Supply Co. v. United States*, 77 Fed. Cl. 257, 263–64 (2007) (quoting *Chambers*, 501 U.S. at 45–46)) (internal

quotation marks omitted); *see also Adkins v. Wolever,* 554 F.3d 650, 652 (6th Cir. 2009); *Leon v. IDX Sys. Corp.,* 464 F.3d 951, 958 (9th Cir. 2006); *Flury v. Daimler Chrysler Corp.,* 427 F.3d 939, 944 (11th Cir. 2005); *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001); *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 517–18 (D. Md. 2010); *In re NTL, Inc. Secs. Litig.,* 244 F.R.D. 179, 191 (S.D.N.Y. 2007); *Thompson v. U.S. Dep't of Hous. & Urban Dev.*, 219 F.R.D. 93, 100 (D. Md. 2003). The court's inherent authority to sanction arises when a party "abuses the process at a level that is utterly inconsistent with the orderly administration of justice or undermines the integrity of the process." *Shaffer Equip. Co.*, 11 F.3d at 462.

Pursuant to their inherent authority, courts "may issue orders, punish for contempt, vacate judgments obtained by fraud, conduct investigations as necessary to exercise the power, bar persons from the courtroom, assess attorney's fees, and dismiss actions." *Id.* at 461–62. They may enforce "the observance of order," such as by imposing fines or prison sentences for contempt. *Hudson*, 11 U.S. (7 Cranch) at 34. Additionally, they may "prevent undue delays in the disposition of pending cases and . . . avoid congestion in the calendars of the District Courts," such as by dismissing a case. *Roadway Exp.*, 447 U.S. at 765 (discussing inherent authority of court to dismiss case for failure to prosecute); *see also Link v. Wabash R.R.*, 370 U.S. 626, 629–30 (1962) (same); *Shaffer Equip. Co.*, 11 F.3d at 462 (noting court's authority to dismiss for abuse of judicial process).

Here, by filing the May 24, 2017 letter, Rembold abused the judicial process, using it as a vehicle for *ad hominem* attack on the Court. Rife with language that a Billingsgate fishmonger would think twice before using, but devoid of any legitimate request for relief, it is "utterly inconsistent with the orderly administration of justice" and "undermines the integrity of the

9

process." *See Shaffer Equip. Co.,* 11 F.3d at 462. Although clearly warranted, I will not impose sanctions at this time. But, Rembold is admonished that any repetition of this misconduct will result in the imposition of a severe sanction, which may include the dismissal of this case with prejudice. *See Roadway Exp.*, 447 U.S. at 765; *Hudson*, 11 U.S. (7 Cranch) at 34; *Shaffer Equip. Co.*, 11 F.3d at 462. Furthermore, should Rembold continue to abuse the judicial process, a pre-filing injunction preventing him from filing future cases without advance review and approval by the Court may be warranted.

**ORDER**

It is, this 13th day of June, 2017, hereby ORDERED that

1. Rembold's Motion to Amend, ECF No. 33, (but not the remainder of the case) IS REFERRED to the Chief Judge of this District for resolution;

2. A decision on Defendants' Motion for Summary Judgment, ECF No. 27, IS STAYED pending resolution of the Motion to Amend;

3. Rembold IS CAUTIONED that any repetition of the contemptuous behavior he displayed in filing his May 24, 2017 letter will result in the imposition of a severe sanction, which may include the dismissal of this case; and

4. The Clerk IS DIRECTED to mail a copy of this Memorandum Opinion and Order to Rembold.

_____/S/_____
Paul W. Grimm
United States District Judge