IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DONALD GARY REMBOLD, | : | |
| Plaintiff, | : | |
| v. | : | Civil No. PWG-16-1569 |
| DAVID HELSEL, M.D., *et al.* | : | |
| Defendants. | : | |

## MEMORANDUM

Plaintiff Donald Rembold ("Rembold") has filed a 42 U.S.C. § 1983 action challenging his previous confinement at Spring Grove Hospital Center. (*See* Compl. 3, ECF No. 1). Now pending is Rembold's motion to amend his complaint. (Mot. to Amend, ECF No. 33). No oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons set forth below, the court will deny the plaintiff's motion to amend.

## BACKGROUND

The plaintiff's § 1983 suit is currently pending before United States District Judge Paul W. Grimm. In his motion to amend, Rembold seeks to add Judge Grimm as a defendant in the case in order "to charge Paul W. Grimm with conspiracy under 42 U.S.C. § 1986; and 42 U.S.C. § 1985(3)." (Mot. to Amend 2).[1] In the motion to amend, the plaintiff also seeks to have counsel appointed; to supplement his pleadings to add new civil rights violations; and to have the case reassigned to a judge in Baltimore. (*Id.* 3). On June 13, 2017, Judge Grimm recused himself with respect to the motion to amend only and referred the motion to amend to the Chief Judge of the U.S. District Court for the District of Maryland for resolution. (ECF No. 36, 4).

---

[1] Rembold filed a supplement to his motion to amend on June 21, 2017. (Mot. to Amend Supp., ECF No. 40).

1

**ANALYSIS**

The plaintiff's motion to amend will be denied in light of the doctrine of judicial immunity. "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citations omitted). Judicial immunity is overcome only in two circumstances. "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 11–12 (citations omitted). The plaintiff's allegations against Judge Grimm derive from actions taken within Judge Grimm's judicial capacities, and Rembold has failed to show that Judge Grimm acted without jurisdiction. (*See* Mot. to Amend 1–3). Accordingly, Judge Grimm's actions are protected by judicial immunity, and the plaintiff's conspiracy claims against him cannot proceed. For that reason, the court will deny the motion to amend to include claims against Judge Grimm.[2]

In his motion to amend, Rembold also renews several requests previously submitted to the court. First, he requests "that his case be assigned to another Judge in the proper Baltimore venue." (*Id.* 3). Previously, Rembold filed a motion to transfer his case to the Northern Division of the United States District Court for the District of Maryland, (Mot. to Transfer, ECF No. 11), which the court denied, (ECF No. 21). To the extent Rembold's motion to amend also moves to transfer his case to the Northern Division, the motion to transfer is denied. Second, Rembold's motion to amend also requests the appointment of counsel. Rembold previously moved for the appointment of counsel, (Mot. to Appoint Counsel, ECF No. 14), which the court denied without

---

[2] In the motion to amend, Rembold states, "New Civil Rights Violations relating back to the named defendants while involving new defendants have manifested requiring the filing of supplements and amendments to the existing case (PWG-16-1569)." (Mot. to Amend 3). To the extent the plaintiff moves to amend his complaint to include "supplements and amendments" relating to claims against Judge Grimm, the motion is denied.

prejudice, (ECF No. 21). To the extent Rembold renews his motion to appoint counsel in his motion to amend, the motion to appoint counsel is again denied without prejudice.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion to amend will be denied. A separate order follows.

June 30, 2017　　　　　　　　　　　　　　　　/S/
Date　　　　　　　　　　　　　　　　　　　Catherine C. Blake
　　　　　　　　　　　　　　　　　　　　　Chief Judge